IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) | |
| ST. PAUL'S FOUNDATION, ) | |
| ) | |
| Plaintiff-Relator, ) | |
| ) | Case No. 3:24-cv-00750 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| TIMOTHY WIPPERMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

Before the court is defendant Timothy Wipperman's Motion to Strike (Doc. No. 48), which requests only that the court strike the first sentence of Paragraph 15(e) of the Second Amended and Restated Complaint ("SAC") (Doc. No. 44) filed by plaintiff-relator St. Paul's Foundation ("St. Paul's"). St. Paul's opposes the motion. (Doc. No. 54.) As set forth herein, the motion will be granted.

### I.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes the court, on its own or upon a motion, "to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

"An immaterial matter is that which has 'no bearing on the subject matter of the litigation,' while '[i]mpertinent allegations include statements that are not necessary to the issues presented.'"

*M.F. v. Cleveland Metro. Sch. Dist.*, No. 1:23CV2308, 2024 WL 4564423, at *6 (N.D. Ohio Oct. 24, 2024) (quoting *McKinney v. Bayer Corp.*, 2010 WL 2756915, at *1 (N.D. Ohio July 12, 2010)). A scandalous matter "refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Id.* (citation omitted). "Generally, the matter to be stricken must have 'no possible relation to the controversy.'" *House of Providence v. Meyers*, 458 F. Supp. 3d 621, 647 (E.D. Mich. 2020) (quoting *Brown*, 201 F.2d at 822).

**II.     DISCUSSION**

This lawsuit involves a fraudulent and unauthorized loan application allegedly submitted to the United States Small Business Administration ("SBA") by the defendant on behalf of the relator. The SAC also includes allegations showing that the defendant had a personal relationship with the relator's principal, Fr. Andrew Bushell. These allegations, to the extent they tend to prove that the defendant in Tennessee knew of the existence and mission of the relator, in Massachusetts, have at least some "relation to the controversy." *Id.* The particular paragraph of the SAC to which the defendant objects, however, concerns Bushell's relationship and interventions on behalf of the defendant's son. The relator alleges that all of the subparts of paragraph 15, including paragraph 15(e), are intended to be "illustrative of the efforts taken by Relator[1] to provide spiritual and practical guidance" to the defendant and his family to "help them live more moral and productive lives." (SAC ¶ 15(e).)

The allegations of actions that Bushell took on behalf of the defendant's son are not remotely relevant to the question of whether the defendant violated the FCA by submitting a false

---

[1] The relator is St. Paul's, not Bushell, but the court filings submitted by St. Paul's tend to conflate the two.

and fraudulent loan application to the SBA. The facts that the defendant seeks to strike in paragraph 15(e) are immaterial and impertinent, insofar as they are not necessary to prove the relator's FCA claim or to establish any background facts that relate to the defendant's possible liability under the FCA.

The motion is well taken and will be granted.

**III.     CONCLUSION AND ORDER**

For the reasons set forth herein, the Motion to Strike (Doc. No. 48), which is directed to the first sentence of Paragraph 15(e) of the SAC, is hereby **GRANTED**, and the court will not consider the objectionable material for any purpose.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge